**SEAMLESS RUBBER CO., Inc., v. STALL & DEAN MFG. CO. ***

Circuit Court of Appeals, First Circuit. January 4, 1928.

No. 2177.

1. Patents ⬅️328—1,279,936, claim 5, for improvement in footballs and basketballs involving valved air tube and cover with inside flap, held anticipated and invalid.

Taylor patent, No. 1,279,936, claim 5, for improvement in footballs and basketballs calling for bladder, valved air tube, cap, cover with opening for inserting bladder with a flap on the inside of the cover, means for securing flap, and

means for closing opening, held anticipated by prior art, and invalid.

2. Patents ⬅️328—Reissue 15,755, claims 1, 2, and 3, for improvements in footballs and basketballs held anticipated and void.

Reissued letters patent No. 15,755, claims 1, 2, and 3, for improvements in footballs and basketballs, involving use of bladder, valve with casing secured to inner wall of stem, separable cover, and screw-threaded washer for cover, held fully anticipated by English patent granted Frederick Fawkes in January, 1886, and by prior art as to use of vulcanization in securing valve, and therefore invalid for want of invention.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by the Seamless Rubber Company, Inc., against the Stall & Dean Manufacturing Company. From a decree dismissing plaintiff's bill, plaintiff appeals. Affirmed.

Jesse A. Holton, of Boston, Mass. (Harold E. Cole and Alexander W. Murray, both of Boston, Mass., on the brief), for appellant.

Ambrose L. O'Shea, of New York City (William A. Redding and Redding, Greeley, O'Shea & Campbell, all of New York City, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts in an equity suit charging infringement of letters patent No. 1,279,936, applied for November 8, 1917, and issued to R. H. Taylor, September 24, 1918, and reissued letters patent No. 15,755, originally applied for February 8, 1922, and reissued February 5, 1924, to R. H. Taylor. Both patents are for improvements in footballs and basketballs and are now owned by the plaintiff.

In the District Court the bill was dismissed on the ground that the claims in issue were invalid for lack of invention.

The defenses relied upon are anticipation and noninvention.

The claims in issue are claim 5 in the first patent and claims 1, 2, and 3, in the second.

[1] Claim 5 of the first patent reads as follows:

"5. The improved inflatable ball, comprising an inner casing of flexible material, a valved air tube attached thereto and having a cap, a cover casing of flexible material having an opening for inserting the inner casing, said cover having a flap secured to the inside thereof and extending across the

said opening on the inside of the cover, and being formed with a hole in alinement with the hole in the air tube, means for securing the flap to the inner casing, and means for fastening together the edges of the cover at the sides of the opening in such manner that the cover is substantially closed outside of the cap of the air tube."

The elements called for by this claim are: (1) A bladder (inner casing); (2) a valved air tube attached to the bladder; (3) a cap to the valved air tube; (4) a cover with an opening for inserting the bladder, the cover having a flap secured to the inside and extending across the opening on the inside of the cover, the flap having a hole in alinement with the valved tube; (5) means for securing the flap to the bladder; and (6) means for closing the opening so that the cover is substantially closed above the cap on the tube.

In the prior art devices put in evidence is the patent granted to W. S. Jacobs, March 24, 1903. In that patent all of the elements called for in this claim are disclosed. The elements in that patent are: (1) A bladder; (2) a tubular valve holder affixed (vulcanized) to the bladder; (3) a cap to the air valve tube; (4) a cover is shown having an opening, also having a flap stitched to the inside of the cover and extending across the opening, the flap having a hole in alinement with the tubular valve holder; (5) means for securing the flap to bladder, viz. a flanged head, on an extension of the tubular valve holder, to engage the hole in the flap and hold it; and (6) means for closing the opening are shown, viz. lacings drawing the edges of the opening of the cover together, one of the lacings passing over the cap of the tube, so that the cover is substantially closed outside the cap of the air tube. We fail to see wherein this patent in any aspect fails to anticipate claim 5 here in suit. The Jacobs specification also discloses that the tubular valve holder is affixed to the bladder by vulcanization, a matter as to which the specification of the first patent in issue gives no information.

[2] The claims of the second patent are:

"1. An inflated ball having a bladder composed of thin, flexible material, and having a tubular stem integral therewith extending into the interior of the bladder, in combination with a valve having a casing secured to the inner periphery of said stem and projecting some distance outside of the bladder, the protruding portion of said valve casing being screw threaded on its outer periphery in combination with a screw-threaded washer which is separable from the valve casing and which is adapted to be screwed down on the valve casing to clamp a cover to the bladder.

"2. An inflated ball having a bladder composed of thin, flexible material impervious to air, and having a tubular stem integral with the bladder extending into the interior thereof, in combination with a valve having a casing secured to the inner periphery of the said stem and projecting for some distance outside of the bladder, a cover for inclosing said bladder separable therefrom having a flap formed with a hole through which said protruding stem of the casing loosely passes, said valve casing and cover being separable from each other, in combination with a screw-threaded washer which is separable from the valve casing to permit the valve casing to be passed through the hole in the cover flap to permit the ready assembling of the bladder and the cover, and the separation of the same from each other, said washer being adapted to be screwed on to said valve casing when the bladder and cover are assembled to clamp the said flap to the bladder, thereby securing the cover to the bladder.

"3. An inflated ball having a bladder composed of thin, flexible material impervious to air, and having a flexible tubular stem integral with the bladder and extending into the interior of the bladder, in combination with a valve having a casing permanently secured to the inner periphery of the said stem and projecting outside of the bladder, a cover for inclosing said bladder having a flap attached thereto and formed with a hole through which said protruding stem of the valve casing extends, the outer portion of said valve casing being screw-threaded, in combination with a screw-threaded washer which screws upon said valve casing and clamps said flap to the bladder, thereby securing the cover to the bladder."

Claim 1 embodies all the elements of claims 2 and 3, except the cover and its attached flap. The only differences between claims 2 and 3 are that, while claim 2 speaks of a valve, the casing of which is *secured* to the inner wall of the stem of the bladder, claim 3 speaks of it as *permanently secured,* and the integral stem spoken of in claim 2 is described as an integral *flexible* stem in claim 3. The statements in claim 2, that the cover is separable from the bladder, and that the screw-threaded washer is separable from the valve casing, are but verbal statements of attributes of the same elements described in claim 3. We will therefore state in detail the elements appearing in claim 2 only. They are: (1) A bladder with an in-

tegral tubular stem extending inwardly; (2) a valve, the casing of which is *secured* to the inner wall of the stem and extends outside bladder, the extending portion being screw-threaded; (3) a cover separable from the bladder and having a flap with a hole to receive the projecting end of valve casing; and (4) a screw-threaded washer, separable from the valve casing adapted to be screwed onto the valve casing and clamp the flap to the bladder, thereby securing the cover to the bladder.

We regard the claims in this patent to be fully anticipated by the English patent granted to Frederick Fawkes in January, 1886. It shows (1) a bladder with an integral tubular stem extending inwardly; (2) a valve having its casing *secured* to the inner wall of the stem and having a screw-threaded portion projecting outside the bladder; (3) a cover with an attached flap having a hole arranged to receive the projecting end of the valve casing; and (4) a metal washer, screw-threaded, sewed to the leather flap and adapted to be screwed down onto the valve casing extension and clamp the flap to the bladder, thereby securing the cover to the bladder. In this patent the cover is separable from the bladder and the screw-threaded washer is separable from the valve casing. In the Fawkes specification no mention is made as to how the valve is secured to the inner wall of the tubular stem of the bladder, while in the Taylor specification it speaks of it as being secured by cement or by vulcanization. It was old to secure rubber to rubber or to metal by cement or vulcanization. The specification of the Jacobs patent shows that vulcanization had not only been applied in this art prior to the patent in question, but in securing these particular parts.

The decree of the District Court is affirmed, with costs to the appellee.